IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PRATT,

    Plaintiff,

    v.

CALIFORNIA STATE BOARD OF PHARMACY, et al.,

    Defendants.

CIV-S-05-0345 DFL KJM

MEMORANDUM OF OPINION AND ORDER

    Defendants Virginia Herold and Patricia Harris (the "government defendants") move to dismiss plaintiff Thomas Pratt's claims against them on two grounds: (1) plaintiff's claims are non-justiciable; and (2) the complaint fails to state a claim.

I.

    Pratt is an African-American male who has taken and failed the California State Board of Pharmacy license exam on three occasions -- June 2002, January 2003, and June 2003. (FAC ¶¶ 1, 4.) The exams taken by Pratt contained two parts: a multiple-choice portion allegedly based on a "Detailed Content Outline" derived from a "Job Analysis Study" ("Part 1") and a short-answer

1

essay portion that, Pratt alleges, was not based on any reliable methodology or content outline ("Part 2"). (Id. ¶¶ 4, 6.) Part 2 was not graded unless the examinee received a score of 75 or more on Part 1. (Id. ¶ 4.) Pratt passed Part 1 of each test, but failed Part 2. (Id. ¶¶ 4, 6.)

Pratt alleges that the lack of an outline for preparing questions and the subjective nature of the grading for Part 2 resulted in an exam that was intentionally discriminatory against African-Americans. (Id. ¶¶ 7, 9.) However, Pratt concedes that the exam has subsequently been modified and that the current exam does not have a discriminatory purpose or impact. (Id. ¶ 9.)

Pratt alleges that use of Part 2 of the exam resulted in violations of due process and equal protection and seeks as remedies: (1) a declaration that his constitutional rights were violated in the administration of the test; (2) an order from the court deeming all persons who passed Part 1 of the June 2002, January 2003, and June 2003 licensing exams as having passed the exam and requiring the State to admit them as pharmacists; and (3) a declaration that the administrative code provision setting the required passing score for the exam was adopted without adequate review and led to an unconstitutional licensing exam. (Id. ¶¶ 13, 17, 20.) The government defendants move to dismiss.

## II.

Defendants argue that Pratt's claims are non-justiciable because the court would be required to usurp the State's power to determine who is entitled to licensure as a pharmacist in order

2

to resolve the case. (Mot. at 5, 11.) However, if the court found that Part 2 was intentionally discriminatory and did not further the State's legitimate licensing function, it would have the authority to grant the requested relief to plaintiff based upon his successful completion of Part 1. Whether plaintiff can make such a showing is an entirely different matter that may be tested by a motion for summary judgment.

The court does agree that certain aspects of plaintiffs' requested relief should be dismissed. Pratt's request that all those who passed Part 1 be deemed to have passed the exam is not relief to which Pratt is entitled. This is not a class action and the proposed relief would extend to individuals who have not suffered discrimination. Pratt's claim on behalf of persons not before the court is DISMISSED.

Defendants also move to dismiss on the ground that Pratt has not alleged facts that would give rise to a procedural or substantive due process claim or a claim of an equal protection violation. (Mot. at 14-22.) This aspect of the motion is denied in part and granted in part.

First, defendants assert that plaintiff cannot show a legitimate claim of entitlement to a pharmacist's license because he has not passed the state exam. (Mot. at 16.) However, as indicated above, if Pratt can demonstrate that because of the lack of reliable methodology and the existence of an intent to discriminate, Part 2 served no legitimate purpose in deciding an examinee's qualifications to be a pharmacist, Pratt gained a

3

legitimate claim of entitlement to a license upon passing Part 1 of the exam. Therefore, the motion to dismiss the procedural due process claim is DENIED.

Defendants also assert that Pratt cannot state a claim for deprivation of procedural due process based on the 1989 enactment of the regulation setting the passing score for the exam. (Mot. at 16 n. 3; Comp. ¶ 20.) In 1989, at the time the regulation was adopted, and the alleged procedural violations occurred, Pratt did not have a legitimate claim of entitlement to a pharmacist's license. Therefore, the motion to dismiss is GRANTED as to the procedural due process claim allegedly arising from the 1989 regulation.

Defendants argue that Pratt cannot state a substantive due process claim because: (1) he cannot establish a legitimate claim of entitlement; and (2) even if he could, the deprivation of that interest did not "shock the conscience" or interfere "with rights implicit in the concept of ordered liberty." (Mot. at 17.) The first argument has been addressed previously and fails.

As to the second argument, substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998). A substantive due process claim can be stated through allegations that the action was "arbitrary and irrational and had no relationship to a legitimate government objective."

4

1  City of Los Angeles v. McLaughlin, 865 F.2d 1084, 1088 (9th Cir.
2  1989).  As discussed above, Pratt has alleged that Part 2 of the
3  exam served no legitimate governmental purpose, was not related
4  to determining his qualifications to be a pharmacist, and
5  intended to discriminate on the basis of race or national origin.
6  These allegations adequately state a claim for deprivation of
7  substantive due process.  Therefore, the motion to dismiss is
8  DENIED as to Pratt's substantive due process claim.

9       Defendants argue that Pratt has not stated a viable equal
10 protection claim because he has not pleaded that there was actual
11 discrimination in the grading of the test or that the government
12 defendants were aware of or intended any discrimination.  (Mot.
13 at 19.)

14      Proof of racially discriminatory intent or purpose is
15 required to show a violation of the Equal Protection Clause.
16 Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S.
17 252, 265, 97 S.Ct. 555 (1977).  To state an equal protection
18 claim, Pratt must allege that the government defendants acted
19 with an intent or purpose to discriminate against him based on
20 his membership in a protected class.

21      Pratt has alleged that he is a member of a protected class
22 as an African-American.  (FAC ¶ 1.)  Pratt also alleges that the
23 government defendants knew that Part 2 was discriminatory and
24 "intended such discrimination."  (Id. ¶ 9.)  Finally, Pratt
25 alleges that because Part 2 uses subjective grading, "this allows
26 the graders to discriminate" based on membership in a protected

class. (Id. ¶ 8.)  Defendants contend that these allegations are insufficient because Pratt fails to specifically allege that the graders intentionally discriminated against him.  (Mot. at 20-21.)  In evaluating a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff.  Parks Sch. Of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Given that Pratt has alleged that the test permitted graders to discriminate, that he failed the test, and that a disproportionate number of minorities failed the exam, his complaint can be construed as alleging that he was actually and intentionally discriminated against on the basis of his race. The government defendants' motion to dismiss the equal protection claim is DENIED.

### III.

For the reasons set forth above, the motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED.

Dated: 6/24/2005

_____
DAVID F. LEVI
United States District Judge

6