IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PRATT,

    Plaintiff,

    v.

CALIFORNIA STATE BOARD OF PHARMACY, et al.,

    Defendants.

No. Civ. 05-0345 DFL PAN

MEMORANDUM OF OPINION AND ORDER

Plaintiff Thomas Pratt ("Pratt") failed the pharmacist licensing examination on three occasions. In this action, he claims that the grading of the examination discriminated against him because of his race. Defendants Patricia Harris ("Harris"), the Executive Officer of the California State Board of Pharmacy ("CSBP") and Virginia Herold ("Herold"), Assistant Executive Officer of the CSBP, move for summary judgment.[1] For the reasons stated below, the court GRANTS defendants' motion.

---

[1] Pratt also stated a claim for negligence against defendant Applied Measurement Professionals, Inc. ("AMP"). AMP moved for summary judgment and the court granted that motion on January 31, 2006.

1

Pratt is an African-American male who has taken and failed the CSBP license exam on three occasions -- June 2002, January 2003, and June 2003.  (First Am. Verified Compl. ("FAC") ¶¶ 1, 4.)  Each of the exams that Pratt took contained two parts: (1) a multiple choice section ("Part 1"); and (2) a short-answer essay section ("Part 2").  (Id. ¶ 4.)  Pratt passed Part 1 of each test, but failed Part 2.  (Id.)

Pratt alleges that the CSBP grading methodology had a disparate impact on African Americans because the pass rate of Caucasians was significantly greater than the rate for "people of color."  (Id. ¶ 7.)  However, the CSBP does not compile or keep statistics of pass rates based on race.  (Defs.' Statement of Undisputed Facts ("SUF") ¶¶ 3-6.)  Indeed, Pratt testified that the statistics upon which he relied concerned the pass rates of "foreigners" and did not show the race of any examinee.  (Id. ¶¶ 9, 10.)  In deposition testimony, Pratt admitted that he did not know how many African Americans passed or failed any of the exams.  (Id. ¶ 13.)

Pratt also alleges in his complaint that Harris and Herold knew of the discrimination and "conspired with one another to facilitate it."  (FAC ¶ 13.)  Specifically, he claims that Harris and Herold knew that the subjective nature of Part 2 of the exam allowed graders to grade Caucasians differently from others.  (Id. ¶ 8.)  However, Pratt admitted in his deposition that this claim is based solely on his unsupported suspicion that the graders had access to examinees' photos.  (SUF ¶ 16.)  In fact,

2

graders do not have access to such photos. (Id. ¶ 18.)

Pratt does not dispute any of these facts. Instead, he alleges for the first time in his opposition that defendants discriminated against African Americans and deprived him of equal protection and due process because they failed to compile or keep statistics of pass rates based on race. (Opp'n at 2.)

To support this claim, Pratt relies upon the expert declaration of Dr. John Poggio. (Id.) Poggio states that, in his opinion, defendants' failure to collect and analyze data on the race of test takers and those who passed was unjustified and violated the EEOC Guidelines. (Poggio Decl. ¶ 5.)

There are a number of problems with this new theory of liability. First, Pratt failed to disclose Poggio as an expert witness before the October 7, 2005 deadline set by the pre-trial scheduling order. (8/24/2005 Order at 3.) Thus, Poggio's declaration is inadmissible. Fed. R. Civ. P. 26(a)(2); Cooper v. Southern Co., 390 F.3d 695, 728 (11th Cir. 2004) (holding that exclusion of expert's declaration containing statistical evidence was warranted as sanction for discovery violation where employee did not properly identify witness as an expert or provide statement of his intended testimony).

Second, Pratt did not come close to pleading in the complaint that defendants had an affirmative duty to compile statistics on the discriminatory impact of the exam. Allowing Pratt to proceed on this theory after the close of discovery would be unfair to defendants. See Coleman v. Quaker Oats Co.,

232 F.3d 1271, 1292 (9th Cir. 2000) (plaintiffs "who failed to allege [a] discriminatory impact theory of liability may [not] proceed under that theory after the close of discovery in their motion for summary judgment."). Third, even if Pratt had pleaded such a theory, he fails to cite or provide a copy of the specific sections of the EEOC guidelines that defendants allegedly violated. Nor does he cite any case law in support of the novel theory. Finally, and to come full circle, Pratt makes no showing that he was prejudiced. The failure to keep statistics does not equate to a showing that Pratt was wrongfully denied a passing score or licensure, or that defendants intentionally discriminated against him, because of his race.[2]

Because Pratt has failed to produce evidence that defendants discriminated against him on the basis of his race, the court GRANTS Harris and Herold's motion for summary judgment.

IT IS SO ORDERED.

Dated: 4/6/2006

                                            _____
                                            DAVID F. LEVI
                                            United States District Judge

---

[2] Pratt also claims that defendants intentionally discriminated against him because several questions that he answered correctly were marked as incorrect. (Opp'n at 2-4.) However, Pratt does not explain how defendants' alleged grading errors demonstrate an intent to discriminate because of race.

4