IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS PRATT,

    Plaintiff,

    v.

CALIFORNIA STATE BOARD OF PHARMACY, et al.,

    Defendants.

No. Civ. 05-0345 DFL PAN

MEMORANDUM OF OPINION AND ORDER

On July 17, 2006, the court issued an order awarding defendants ("CSBP") $67,616,90 in attorney fees. The court permitted Pratt to "seek a reduction in fees because of his financial condition by a motion for reduction, with supporting declarations, within ten days of the date of this order." (7/17/2006 Order at 11-12.) On August 1, 2006, Pratt filed a declaration in support of reducing the fee award.

Pratt asserts he is entitled to a reduction because his current monthly expenses exceed his income. He avers that:

(1) He is currently unemployed. (Pratt Decl. ¶ 2.) While

1

he has a pharmacist license in Nevada, he only has it because most states provide reciprocity for a Nevada license, though not California. (Id. ¶ 3.) Pratt has never lived in Nevada, and he has lived in California since 1982. (Id. ¶¶ 2, 3.)

(2) His only income is from VA disability benefits of $1,277 per month. (Id. ¶ 4.)

(3) While he owns his home, and has no mortgage, he claims that a bank would probably not allow him to borrow against it given his low income. (Id. ¶ 5.) He also pays $1,600 a year in property taxes and $20 per month for insurance. (Id.)

(4) He has a school loan with an outstanding debt of $88,000 plus 3.25% interest. (Id. ¶ 6.) He was paying $1,288 per month on the loan because he was receiving about $2,200 a month from the VA, but the VA has since reduced his payments. (Id.)

(5) His auto insurance is about $600 a year, gas runs about $80 per month, and repairs and maintenance on his car cost about $200 per year. (Id.)

(6) His utilities cost about $89 per month: $60 for electric and water, $4 for gas, $25 for phone service. (Id.)

(7) He spends about $100 a month on food. (Id.)

Pratt states that because his total monthly expenses exceed his monthly income, "[i]t is clear that [he] cannot afford to pay any attorney fees." (Id. ¶ 7.) He therefore asks the court to either set aside the award or substantially reduce it. (Id.)

The CSBP opposes Pratt's request, arguing that Pratt's declaration is incomplete and "appears to be misleading." (Opp'n

at 2.)    Indeed, as CSBP points out, Pratt does not explain:  (1) why or when the VA decreased his benefits; (2) why he cannot find employment in some capacity other than as a pharmacist; or (3) how he covers the negative balance he claims to have at the end of each month.  The CSBP's internet research suggests that Pratt's home may be worth several hundred thousand dollars.

For these reasons, the court will permit the CSBP to choose one of the following two options to resolve the dispute: (1) defendants may take a financial accounting deposition of Pratt for the purpose of exploring the various inconsistencies in Pratt's declaration; or (2) the court will order a reduction in the attorney's fee award to $5,000.  This is an amount that Pratt can afford without undue hardship, particularly in light of the apparent equity in his home, but is still sufficiently substantial to provide a measure of reimbursement and deterrence. If the CSBP chooses to depose Pratt, Pratt should be prepared to testify about his financial affairs.  In the event of such a deposition, Pratt is ordered to bring to the deposition his 2004 and 2005 tax returns for inspection by counsel for CSBP.

The CSBP should inform the court of how it wishes to proceed within ten days of the date of this order.

IT IS SO ORDERED.

Dated: August 14, 2006

/s/ David F. Levi  
DAVID F. LEVI  
United States District Judge